515 South Flower Street
18th Floor
Los Angeles, CA 90071

213.933.2330 PHONE
312.884.7352 FAX

awglaw.com



AMIN
WASSERMAN
GURNANI

CHICAGO · WASHINGTON D.C. · LOS ANGELES

February 18, 2026

**BY ECF**

Hon. Ramon E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Somers v. Olipop, Inc.*, Case No. 1:25-cv-06933-RER-CHK
Pre-Motion Conference Letter

Hon. Ramon E. Reyes, Jr.:

Defendant Olipop, Inc. submits this request for a pre-motion conference for its Rule 12 motion to dismiss the Complaint.

**Background:** Defendant's Olipop soda products, depending on the variety, contain 6 grams or 9 grams of dietary fiber per serving, which translates to 21% or 32% of the Daily Value for fiber. These products all qualify as "high fiber" and an "excellent source" of fiber under FDA regulations. And they contain only 2 to 5 grams of sugar per serving, depending on the variety. Thus, the Olipop products have more fiber (but much less sugar) than apples or bananas. They have about the same amount of sugar as one or two servings of broccoli but provide more fiber. Also, the amount of sugar per serving contained in an Olipop soda is stated prominently on the front label (as well as in the Nutrition Facts Panel).

Despite the high dietary fiber provided by the Olipop products, Plaintiff implausibly claims that the "supports digestive health" statement on the Olipop cans is false or misleading. Plaintiff concedes that dietary fiber benefits digestive health, but he claims that a consumer would supposedly have to drink two cans of Olipop a day to obtain digestive health benefits. And, he says, that would mean consuming up to 10 grams of sugar, which would supposedly "negate" any benefits from the prebiotics. The Complaint does not contain any well-pled factual content plausibly supporting these contentions. Nevertheless, seeking to represent a New York class, Plaintiff brings claims under N.Y. Gen. Bus. Law §§ 349 and 350 (the "GBL").

**Grounds for Motion.** Defendant wishes to file a Rule 12 motion asserting the following:

1. The GBL claims fail because Plaintiff does not plausibly allege that the "supports digestive health" representation is false or misleading to reasonable consumers. To state a claim for violation of GBL §§ 349 or 350, a plaintiff must allege that a defendant engaged in consumer-

oriented conduct that was materially misleading and that the plaintiff suffered an injury as a result. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 802 (S.D.N.Y. 2021). For a practice to be "materially misleading," a plaintiff must show that it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Orlander*, 802 F.3d at 300. "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.'" *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). A plaintiff must plead factual content—not "labels and conclusions"—that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678. Naked assertions devoid of "further factual enhancement" do not suffice. *Id.*

Here, for many reasons, Plaintiff fails to plausibly allege any GBL claims. First, Plaintiff does not allege that the products are mislabeled in any way with respect to the amount of dietary fiber per serving or the %DV for dietary fiber per serving. In other words, he does not dispute that the products contain the amount of dietary fiber declared on the labels. He does not (and cannot) plausibly allege that receiving 21% or 32% of your Daily Value for dietary fiber per serving does not support digestive health. The FDA instructs consumers that "Dietary Fiber [] on the Nutrition Facts label includes naturally occurring fibers in plants and certain isolated or synthetic non-digestible carbohydrates added to food that the U.S. Food and Drug Administration has determined have beneficial physiological effects to human health."[1] In his Complaint, Plaintiff *admits* that dietary fibers "promote the growth of healthy gut bacteria that aid digestion and regulate the immune system." (Compl. ¶ 11.)

Plaintiff's allegation that a consumer would have to drink two cans of Olipop to obtain "any meaningful digestive health benefits" is fanciful, non-sensical, and implausible. Consumers do not receive dietary fiber only by drinking Olipop. The labeling does not instruct consumers not to eat food. The labeling does not instruct consumers to get all their fiber solely from Olipop. The labeling expressly informs consumers how much fiber is provided per serving and what portion of the %DV that amount represents. Reasonable consumers obviously can decide for themselves what other sources of dietary fiber (and how much) they may want to consume.

Furthermore, as Olipop will demonstrate in its motion to dismiss, the study that Plaintiff relies upon for the theory that consuming one can of Olipop would not "provide the key benefits associated with prebiotic intake" (Compl. ¶ 15) does not plausibly support that proposition in any way. *See, e.g., Housey v. Procter & Gamble Company*, No. 21 Civ. 2286 (NRB), 2022 WL 874731, at *6 (S.D.N.Y. Mar. 24, 2022) (granting motion to dismiss, explaining that "[w]here a plaintiff has chosen to use scientific evidence to state her claims, and that evidence does not support her claims, plaintiff has not plausibly pled her claims."); *Pitre v. Kevita, Inc.*, No. 24-cv-06309-JST, 2025 WL 2294913, at *4 (N.D. Cal. Aug. 8, 2025) (courts do not hesitate to dismiss where the study relied upon in the Complaint "does not support the claims the plaintiffs have pled"). The study concerned agave inulin only. Olipop sodas do not even contain agave inulin. They contain

---

[1] www.accessdata.fda.gov/scripts/interactivenutritionfactslabel/assets/InteractiveNFL_DietaryFiber_October2021.pdf

multiple different dietary fibers, including cassava root fiber (which is a resistant starch, not an inulin), chicory root inulin, and Jerusalem artichoke inulin. The study Plaintiff relies upon is entirely inapplicable, as it does not address *any* of those dietary fibers. And, regardless, even with respect to agave inulin (the subject of the study but not an Olipop ingredient), the study reported several positive prebiotic effects from agave inulin supplementation, as Defendant will delineate in its motion to dismiss. In short, the Complaint does not plead any factual content plausibly supporting Plaintiff's misguided allegation that a consumer would have to drink two cans of Olipop per day to obtain digestive health benefits.

Plaintiff's allegations about the sugar content of Olipop also do not plausibly support any claim that the "supports digestive health" representation is false or misleading. The sugar content is prominently stated on the front label and in the Nutrition Facts panel. That low sugar content (only 2 to 5 grams per serving, depending on the flavor) is a *feature* of the Products. As Plaintiff admits in the Complaint, consuming an Olipop with 5 grams of sugar per serving is only 5% of the FDA's daily recommended intake for sugar, but the product provides up to 32% of the Daily Value for fiber. Plaintiff's conclusory allegation in the Complaint that drinking Olipop would somehow result in a "high sugar" diet is, once again, fanciful and implausible. Reasonable consumers can decide for themselves how much sugar to consume in a day. Olipop contains only up to 5% of the daily recommended intake for sugar; the notion that consuming Olipop (or even two cans of Olipop) results in a "high sugar" diet is implausible.

*Bates v. Abbott Laboratories*, No. 24-919-cv, 2025 WL 65668 (2d Cir. Jan. 10, 2025) (summary order), is on point. There, the plaintiff alleged the defendant markets Ensure drinks as healthy and nutritious (including beneficial to digestive health) but that these claims are false because the products contain added sugar that was allegedly "detrimental" to consumers' health. *Id.*[2] The Second Circuit affirmed the dismissal of the complaint. The Court emphasized that there cannot be any GBL §§ 349 or 350 claim "when the allegedly deceptive practice was fully disclosed." *Bates*, 2025 WL 65668, at *2 (citation omitted). The Court stated: "[Plaintiff] concedes that the amount of sugar was disclosed on the federally-mandated Nutrition Facts Panel included within the label of each Ensure product, and a consumer concerned with health and wellness could read that Panel to discern how much sugar the product contained." *Id.* "[G]iven that the challenged labeling statements about the health and nutrition benefits of the Ensure products make no claim at all about sugar, and that each of the Ensure labels at issue expressly list the sugar content on the Nutrition Facts Panel, the district court correctly held that [Plaintiff] failed to plausibly allege that any of the challenged statements at issue are false or misleading to a reasonable consumer, and properly dismissed the claims under GBL §§ 349 and 350." *Id.* at *3; *see also Pitre v. Kevita, Inc.*, No. 24-cv-06309-JST, 2025 WL 2294913, at *4 n.2 (N.D. Cal. Aug. 8, 2025) (where the product contained only a fraction of the FDA's Daily Value for sugar, "even if Pitre could plausibly allege that a specific amount of prebiotic fiber were necessary for gut health, it is not clear that she could allege that consumption of that quantity would result in a high sugar diet").

---

[2] The plaintiff in *Bates* alleged that the Ensure drinks contained up to 22 grams of added sugar per serving. *Bates v. Abbott Laboratories*, 727 F. Supp. 3d 194, 204 (N.D.N.Y. 2024).

The same applies here. The challenged label statement – "Supports Digestive Health" – makes no claim at all about sugar, and the Products' labeling states the sugar content not only in the Nutrition Facts Panel (as in *Bates*) but on the front of the can as well. Plaintiff fails to plausibly allege any GBL claims.

2. Plaintiff lacks Article III standing to pursue injunctive relief. Plaintiff does not have standing to pursue injunctive relief because he fails to allege facts plausibly establishing that he faces a threat of future injury that is actual and imminent, not conjectural or hypothetical. *See Berni v. Barilla S.P.A.*, 964 F.3d 141, 147- (2d Cir. 2020) ("past purchasers of a consumer product who claim to be deceived by that product's packaging . . . have, at most, alleged a past harm"); *Esquibel v. Colgate-Palmolive Co.*, No. 23-CV-00742-LTS, 2025 WL 1785865, at *5 (S.D.N.Y. June 27, 2025) (same).

Sincerely,

*/s/ William P. Cole*
William P. Cole
Amin Wasserman Gurnani LLP

cc: All counsel of record (via ECF)