

**ARISOHN LLC**

JOSHUA D. ARISOHN
ARISOHN LLC
94 BLAKESLEE ROAD
LITCHFIELD, CT 06759
TEL: (917) 656-0569
josh@arisohnllc.com

JOSHUA D. ARISOHN
ARISOHN LLC
513 EIGHTH AVENUE, #2
BROOKLYN, NY 11215
TEL: (917) 656-0569
josh@arisohnllc.com

February 24, 2026

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Somers v. Olipop, Inc.*, **Case No. 1:25-cv-06933-RER-CHK**
 **Plaintiff's Response to Defendant's Pre-Motion Conference Letter**

Dear Judge Reyes,

I write on behalf of Plaintiff Jordan Somers ("Plaintiff") in response to the February 17, 2026 pre-motion letter (ECF No. 9) ("PML") of Defendant Olipop, Inc. ("Defendant"). Plaintiff purchased Olipop soda (the "Products") in reliance on Defendant's representation that the soda contained "prebiotics" that would "support[] [his] digestive health." Compl. (ECF No. 1) ¶¶ 3-4, 9, 11-22. However, the Products do not contain sufficient levels of prebiotics to actually provide any benefits. *Id.* Accordingly, Plaintiff has filed this class action lawsuit on behalf of himself and all similarly situated consumers and has asserted claims under New York General Business Law § 349 for Defendant's deceptive acts and practices, and under New York General Business Law § 350 for false advertising. For the reasons set forth herein, the Court should deny Defendant's anticipated motion to dismiss.

***First***, Defendant argues that a reasonable consumer would not have been misled by its labeling statements because the Products accurately represent the "the amount of dietary fiber per serving" and "the %DV for dietary fiber per serving." PML at 2. That is incorrect. "The fact that the actual [fiber] content of [the Products] was accurately stated in an FDA-mandated label on the product does not eliminate the possibility that reasonable consumers may be misled" because "even reasonable consumers may not read the nutritional label prior to every purchase of a new product." *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *16 (E.D.N.Y. July 21, 2010); *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *17 (E.D.N.Y. Sept. 22, 2015) ("Nutrition Facts do not, as a matter of law, foreclose the possibility that a reasonable consumer would likely be misled . . . ."); *Paulino v. Conopco, Inc.*, 2015 WL 4895234, at *5 (E.D.N.Y. Aug. 17, 2015) ("Nor does the FDA-mandated list of ingredients on the back of the packaging extinguish the possibility of deceptive advertising."); *Williams v. Gerber Prods. Co.*, 523 F.3d 934, 939 (9th Cir. 2008) ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception."). Here, Plaintiff alleges that Defendant's claims on its front label are misleading because the Products do not contain sufficient quantities of prebiotics to provide any benefits. Those misrepresentations are not cured simply because Defendant accurately states on its back label how much fiber is in each

can. Indeed, the nutrition facts do not even inform consumers that the "dietary fiber" listed in its nutrition panel is the same as the prebiotics that Defendant touts on its front label. Nor does the nutrition label inform consumers that they would need to drink two or more cans of Products every day for at least a month to obtain any benefits, or that those benefits would likely be negated by the sugar content in the Products.

*Second*, Defendant argues it is implausible that "a consumer would have to drink two cans of Olipop" a day for 30 days to obtain meaningful digestive health benefits because consumers obtain dietary fiber from other sources in addition to the Products. That is incorrect. The label on the Product touts that it contains "Prebiotics" and that it "Supports Digestive Health." The label does not qualify that representation or otherwise inform consumers that they would have to either (1) drink two or more cans a day for 30 days, or (2) ingest additional prebiotics from other sources. Rather, a reasonable consumer would understand Defendant's labeling representation to mean that even one can of the Products will provide meaningful digestive health benefits.

*Third*, Defendant argues that the Court should dismiss Plaintiff's claims because the study referenced in the Complaint does not support his allegations. That is incorrect; the Complaint accurately reflects the conclusions of the study and those conclusions support the claim that the Products do not contain sufficient quantities of prebiotics to support digestive health. While Defendant attempts to distinguish the study because it supposedly focused on a different type of prebiotic from the kind used in the Products, Defendant fails to explain why that is a meaningful difference. Moreover, the study referenced in the Complaint is not alone is stating that the Products do not contain sufficient quantities of prebiotics. For instance, the European Food Safety Authority has found that 12 grams of chicory root inulin, like the kind in the Products, "should be consumed daily" for improved gut health. Likewise, studies have shown that five to eight grams of chicory inulin—the amount in the Products—had no effect. While Plaintiff can easily amend to add these other sources, Defendant's argument is a classic issue of fact that is not appropriate for adjudication on the pleadings.

*Finally*, Defendant argues that Plaintiff's allegations about the sugar content of the Products is implausible because the Products are actually low in sugar. But Plaintiff's allegation is not that the sugar content of the Products is itself problematic. Rather, Plaintiff alleges that because the Products only contain a small quantity of prebiotics, consumers would have to drink multiple cans a day which would then result in excess sugar consumption which would counteract any benefits to consumers' gut health. Compl. ¶¶ 16-22. This case is thus distinguishable from *Bates v. Abbott Laboratories*, 2025 WL 65668 (2d Cir. Jan. 10, 2025) where the allegation was that the sugar content of the products was itself problematic. Here, by contrast, Plaintiff references the sugar content of the products to further demonstrate that Defendant's representations about prebiotics and gut health are misleading.

For all of these reasons, the Court should deny Defendant's anticipated motion to dismiss.

Very truly yours,

Joshua D. Arisohn